IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-md-03160-PAB-TPO

MDL No. 3160

IN RE ARCHERY PRODUCTS ANTITRUST LITIGATION

---

**MINUTE ORDER**

---

**Entered by Chief Judge Philip A. Brimmer**

      This matter is before the Court on the Notices of Dismissal with Prejudice [Docket Nos. 147, 148, 153]. The Direct Purchaser and Indirect Purchaser Plaintiffs seek to dismiss their claims against defendants TrackStreet, Inc. ("TrackStreet") and NeuIntel, LLC ("NeuIntel"). Docket No. 147 at 1; Docket No. 153 at 1. Plaintiffs Matt Simcik, Shane Close, Jake Vale, Alex Janochoski, Jonathan Borreson, Don Eichman, Joe Kramer, Peter J. Sabatini, Peter A. Sabatini, Tim Reznich, Justen Goodall, Brock Montpetit, and David Tapia seek to dismiss their claims against defendant Dick's Sporting Goods, Inc. ("Dick's"). Docket No. 148 at 1.

      "Although Rule 41(a)(1)(A) refers to dismissal of the 'action,' the rule permits the dismissal of fewer than all parties so long as all claims against a particular party are dismissed." *Kristina Consulting Grp., LLC v. Debt Pay Gateway, Inc.*, 2022 WL 881575, at *2 n.4 (10th Cir. Mar. 25, 2022) (unpublished). Furthermore, "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). Because defendants have not yet filed a motion for summary judgment or answer, the notices are deemed effective as a means of dismissing TrackStreet and NeuIntel from this case and all related cases. Dick's shall be dismissed as a defendant in the following related cases: Case Nos. 25-cv-03542-PAB-TPO, 25-cv-03414-PAB-TPO, 25-cv-03447-PAB-TPO, 25-cv-03544-PAB-TPO, 25-cv-03451-PAB-TPO, 25-cv-02644-PAB-TPO, 25-cv-02355-PAB-TPO, 25-cv-03450-PAB-TPO, 25-cv-03455-PAB-TPO, and 25-cv-03996-PAB-TPO.[1]

---

[1] Justen Goodall is the plaintiff in Case No. 25-cv-02506, wherein Tanya Goodall is also a plaintiff. *See Goodall v. Hamskea Archery Solutions LLC*, Case No. 25-cv-02506, Docket No. 1 (D. Colo. Aug. 12, 2025). While Mr. Goodall seeks to dismiss his claims against Dick's, Ms. Goodall does not move to do so. *See* Docket No. 148 at 1. Generally, amendment of the complaint through Fed. R. Civ. P. 15, rather than dismissal through Rule 41(a)(1)(A), is the proper way to dismiss fewer than all claims against a particular party. *See Est. of Hurtado v. Smith*, No. 20-cv-03505-DDD-NYW, 2022 WL 2439088, at *2 (D. Colo. July 5, 2022) ("Rule 41 is not a procedurally appropriate way to voluntarily dismiss fewer than all claims against a defendant. . . .

Accordingly, it is

**ORDERED** that the Notices of Dismissal [Docket Nos. 147, 148, 153] are deemed effective. It is further

**ORDERED** that defendants TrackStreet and NeuIntel are **DISMISSED** from this action and all member cases. It is further

**ORDERED** that defendant Dick's is **DISMISSED** from the following related cases: Case Nos. 25-cv-03542-PAB-TPO, 25-cv-03414-PAB-TPO, 25-cv-03447-PAB-TPO, 25-cv-03544-PAB-TPO, 25-cv-03451-PAB-TPO, 25-cv-02644-PAB-TPO, 25-cv-02355-PAB-TPO, 25-cv-03450-PAB-TPO, 25-cv-03455-PAB-TPO, and 25-cv-03996-PAB-TPO.

DATED February 17, 2026.

---

[W]hen a plaintiff seeks to dismiss fewer than all claims against a defendant, the proper procedure is for a plaintiff to amend the complaint pursuant to Federal Rule of Civil Procedure 15." (internal quotations and citations omitted)). However, given that Mr. Goodall and Ms. Goodall are Direct Purchaser Plaintiffs, *see* Docket No. 79-1 at 2, and have therefore joined the Direct Purchaser Plaintiffs' Consolidated Complaint, *see* Docket No. 109, the Court will not require an amended complaint to be filed in Mr. Goodall and Ms. Goodall's related case. In the event that Ms. Goodall did intend to dismiss her claims against Dick's, plaintiffs shall file a notice informing the Court of that.